IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY LEE MARCUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3368 |
| | § | |
| DIRECTOR'S REVIEW COMMITTEE, ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, filed this section 1983 lawsuit for violations of his civil rights.

Based on consideration of the pleadings, the exhibit, and the applicable law, the Court dismisses this lawsuit for the reasons that follow.

### *Background and Claims*

Plaintiff complains that a set of religious books donated to him from an entity in Iran was intercepted through the prison mail room and confiscated. He states that prison mail regulations do not allow inmates to receive books from Iran because Iran "is considered a terrorist threat." Plaintiff asserts that this violated his First Amendment religious exercise rights and discriminated against the Nation of Iran. He seeks return of the books or the prison's reimbursement to Iran for the books' costs and shipment, and a change in the policy to allow prisoners to receive mail from Iran.

*Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's First Amendment claim seeking monetary compensation fails to state an actionable claim under section 1983. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). To the extent plaintiff seeks injunctive relief for return of the books, no grounds for relief are shown as no constitutional violation is shown. Plaintiff's property claims must be pursued through state court remedies, as they do not rise to the level of a federal constitutional issue. Texas has adequate post-deprivation state remedies for the confiscation of prisoner property, and plaintiff may not pursue his claim for deprivation of property in a section 1983 action. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989); *see also Bilbrew v. Johnson*, 239 F. App'x. 49, 2007 WL 1839902 (5th Cir. 2007). Nor does plaintiff here have standing to complain that a prison mail room policy discriminates against the Nation of Iran.

Regardless, plaintiff admits in his Step 2 grievance that these very same books are available to him in the chapel's Muslim community library, and he does not show that the prison regulation has interfered with his religious practice. Nor does he allege a constitutional issue by reason of the mail room policy itself. The Fifth Circuit recognizes that where a prison regulation restricts a prisoner's rights with respect to mail, "the appropriate inquiry is whether the practice is reasonably related to a legitimate penological interest." *Morgan v.v. Quarterman*, 570 F.3d 663 (5th Cir. 2009); *see also Samford v. Dretke*, 562 F.3d 674 (5th Cir. 2009) (applying "penological interest" test to prisoner's incoming mail). Plaintiff admits that the prison mail room prohibits incoming prisoner mail from Iran because Iran is considered a terrorist threat. This Court accepts plaintiff's allegation and finds that such justification for restricting incoming mail from Iran constitutes a valid penological interest in promoting prison safety.

Plaintiff's complaint fails to assert a viable claim under section 1983.

### *Leave to Proceed In Forma Pauperis*

Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is GRANTED. No initial partial payment is assessed.

### *Conclusion*

This lawsuit is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim.

The Clerk will provide a copy of this Order to the parties; to the TDCJ Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711; to the Inmate Trust

Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Inmate Three-Strike List Manager.

Signed at Houston, Texas, on October 20, 2009.

_____
Gray H. Miller
United States District Judge